UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JANET MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. _____ |
| SECOND ROUND SUB, LLC, and JACOB LAW GROUP PLLC, | ) | Jury Trial Demanded |
| Defendants. | ) | |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendants Second Round Sub, LLC (Second Round) and Jacob Law Group PLLC's (Jacob) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to attempt to collect a consumer debt from Plaintiff Janet Miller (hereinafter "Plaintiff").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff is a natural person who resides in Hamblen County, Tennessee.

5. Second Round is a for-profit foreign limited liability company (Texas) registered to do business in Tennessee with a principal office at 1701 Directors Blvd, Ste 900, Austin, TX 78744-1098 that currently maintains Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312 as its registered agent.

6. Jacob is a for-profit professional limited liability company (Mississippi) not registered to do business in Tennessee with a principal office at 2623 W Oxford Loop, Oxford, MS 38655-5442 that currently maintains Richard DeVoe, 1420 N Lamar Blvd, Ste 101, Oxford, MS 38655-2308 as its registered agent. **See Tenn. Code Ann. § 48-249-913(a).**

## FACTUAL ALLEGATIONS

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Second Round is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Second Round operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in many different states, including consumers in the State of Tennessee via collection letters, phone calls, credit reports and filing collection lawsuits as the named state court plaintiff. In fact, Second Round was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9. Jacob is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly engages in collection of consumer debts owed or due or asserted to be owed or due another and

2

attempts to collect them by making telephone calls, sending collection letters, filing and prosecuting collection lawsuits, requesting the issuance of garnishments and levies, and recording judgment liens against consumers with its clients as the named state court plaintiff.

10. Defendants have alleged that Plaintiff incurred obligations to pay money arising out of transactions in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), allegedly for a credit debt allegedly originally owned or serviced by Synchrony Bank (debt).

11. After default, Second Round allegedly purchased the debt from Synchrony Bank and hired Jacob to attempt collection of the debt from Plaintiff.

*Collection Communications*

12. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

*Collection Lawsuit*

13. On January 3, 2019, Defendants filed a civil summons supported by only a sworn affidavit against Plaintiff in state court (collection lawsuit). **Copy of collection lawsuit filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

14. The civil summons and sworn affidavit were filed by Defendants in connection with collection of the debt and in an attempt to collect the debt, and conveyed information regarding the debt, including that Second Round was the creditor alleged to be owed the debt, and the amount alleged as owed, and each is a "communication" as defined by 15 U.S.C. § 1692a(2). **See Doc. 1-1.**

*Voicemail*

15. On February 4, 2019, a voicemail was left on Plaintiff's phone by a person who identified himself as Jordan Robbins (Mr. Robbins).

16. After identifying himself, Mr. Robbins stated that he was calling from the Jacob Law Group and that the call was made to attempt to collect a debt from the Plaintiff.

17. During the telephone call, Mr. Robbins requested that the Plaintiff return a call at her earliest convenience to 662-238-2868, and that someone would be available from 8:00 a.m. to 5:00 p.m., central time.

18. Telephone number 662-238-2868 is a telephone number that is owned by or has been assigned to Jacob for receiving and/or placing telephone calls.

19. The telephone call from Mr. Robbins, an employee of Jacob, in which he stated that the call was made to attempt to collect a debt from Plaintiff, was the initial communication by Jacob with Plaintiff in connection with collection of the debt.

20. The telephone call by Mr. Robbins sought to collect a consumer debt incurred for personal, family or household purposes, and not for business purposes, specifically the alleged balance owed for a credit card debt.

## FDCPA CLAIMS

21. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

22. Congress passed the FDCPA because:

**(a)  Abusive Practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b)     Inadequacy of Laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c)     Available Non-Abusive Collection Methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**15 U.S.C. §§ 1692 (a), (b), and (c).**

23. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

24. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

25. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

### *Failure to Send a Notice That Contains the Disclosures Required by 15 U.S.C. § 1692g*

26. The FDCPA, 15 U.S.C. §1692g(a)(1), requires that:

    (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
    --
    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the telephone call from Mr. Robbins, Plaintiff had not paid the debt, and Jacob had failed to send Plaintiff a written notice that contains the required disclosures in 15 U.S.C. § 1692g(a)(1)–(5).

28. By failing to send the Plaintiff a written notice containing the required disclosures within five days after the initial communication in connection with collection of the debt in the form of the collection lawsuit, Jacob violated 15 U.S.C. § 1692g(a)(1)–(5).

### *Respondeat Superior Liability*

29. In addition to individual liability under the FDCPA, the acts and omissions of Jacob as an agent for Second Round and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principal, Second Round.

30. Jacob acts and omissions were incidental to, or of the same general nature, as the responsibilities it was authorized to perform by Second Round in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, Jacob was motivated to benefit its principal, Second Round.

32. Second Round is liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by all debt collectors employed as agents by Second Round including, but not limited to the above-cited violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

### *Summary*

33. Defendants' above-detailed conduct in connection with collection of the debt was conduct in violation of numerous and multiple FDCPA provisions including, but not limited to the above-cited provisions.

### **TRIAL BY JURY**

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

# CAUSES OF ACTION

## COUNTS I-V

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692g(a)(1)–(5)

35. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to each and every one of the above-cited FDCPA provisions.

37. As a result of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNTS I-V

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692g(a)(1)–(5)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief, as may be just and proper.

04/30/19                             Respectfully submitted,

**JANET MILLER**


    s/     Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff